[Crim. No. 2045. Second Appellate District, Division One.—April 17, 1931.]

In the Matter of the Application of MILTON PAGE for a Writ of Habeas Corpus.

(1)

2

Paul W. Schenck for Petitioner.

Charles P. Johnson, City Prosecutor, and Joe W. Matherly and John L. Bland, Deputies City Prosecutor, for Respondent.

HOUSER, J.—For the purposes of this decision only, it may be considered that the petitioner herein was convicted of the offense of having in his possession a "form chart" with reference to horse races. Following and in pursuance of such conviction, petitioner was sentenced to a term of imprisonment in the county jail. In this proceeding petitioner seeks to show that the city ordinance under the provision of which his conviction resulted was unconstitutional, and consequently that he is being illegally restrained of his liberty.

Omitting unnecessary verbiage, the following is deemed to be a fair presentation of certain phases of the essentials of the city ordinance in question: "It shall be unlawful for any person to have in his possession in the City of Los Angeles any publication of any kind purporting to give any probable or possible list of entries for any horse race which has already taken place if there be published in any other publication referring thereto any information as to the probable result of any such race or the probable standing of any horse therein or any reference to the possible state, past, present or future of the odds upon or against any horse named in such probable or possible list of entries, or unless the names of such horses shall be arranged in such probable or possible list in alphabetical order, and shall all be printed in type of the same size and face and of identical appearance, and shall all be printed flush with the left side of the column

in which the same are printed, or all an equal distance therefrom.''

Fundamentally, a briefer, if not a more understandable, statement of the same elements of such ordinance would be: That if any prior publication has contained any information as to the probable result of, or wagered odds upon, any horse race, it shall be unlawful for any person to have in his possession a ''form chart'' relating to such horse race, unless the names of the horses in such race shall be arranged on the ''form chart'' in an alphabetical manner and in a uniform size of type, etc.

In other words, the possession by any person of a '':form chart'' which in effect gives ''tips'' on horse races is perfectly legal and has no tendency to corrupt the morals of the general public, provided such ''form chart'' be printed in a specified manner; or, otherwise stated, the possession of a ''form chart'' becomes a criminal offense only when in its makeup it differs from the prescribed form with reference to the size of the type used, or the style of the composition adopted, in the printing of the ''form chart''.

Passing each of several of the different specifications presented by petitioner as constituting a compelling reason for a decision by this court to the effect that the ordinance in question is unconstitutional, it is deemed sufficient in that regard to consider the single principle of constitutional construction, in substance, that where a criminal statute enacted by a legislative body in pursuance of the police power of the state relates to the attempted correction of some assumed immoral condition existent in the body politic—the means prescribed by such remedial legislation must bear some real or substantial relation to the object which is sought to be obtained. (5 Cal. Jur. 700, 710, 713, and authorities there cited.)

From a cursory examination of the ordinance here under consideration, it at once becomes apparent that its object was to prevent or suppress, or at least to discourage, the dissemination of either trustworthy or unscrupulous information, commonly known as ''tips'', regarding the probable result of horse races, for the purpose of encouraging the placing of bets thereon, or gambling with reference thereto— to the moral detriment of the community at large. Concretely, the question, then, which is presented consists of

whether by the printing on a "form chart", in alphabetical order, in a uniform size of type, "flush with the left side of the column, . . . or all an equal distance therefrom", the names of horses which were to participate in a horse race— had a tendency to attain the end sought.

Judged solely from a common-sense standpoint (at least so far as we are able to see), it is impossible to discern any deterrent effect upon the placing of bets, or gambling on horse races, which would or might result either solely or appreciably from or by reason of either the alphabetical requirements as to the names of the racing horses, or the size or uniformity of the type used in the composition of the "form chart". In other words, the inhibitory conditions attached to the printing of a "form chart" have no relation, nor would they have any tendency, to the eradication or suppression of gambling, which concededly is the object sought to be obtained by the ordinance in question. As expressed, the condition under which the "form chart" referred to in the ordinance may be possessed by any individual is of no more or greater potency in a supposedly legal attempt to prevent or to discourage gambling on horse races than though the *quasi*-preventive requirement had been that the "form chart" be printed on a specified size and quality of green bond paper, bound in black Morocco leather, and adorned on the upper right-hand corner of the binding with a pink-ribbon bow. Otherwise stated, the condition is but a fanciful or fastidious requirement which is unreasonable, is wholly irrelevant, and has no relation to the end sought to be accomplished.

It is ordered that the petitioner be discharged from custody.

Conrey, P. J., concurred.

York, J., dissented.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 2, 1931, and the following opinion then rendered thereon:

THE COURT.—The petition of the People for rehearing after judgment by this court in this *habeas corpus* proceeding having been offered for filing on April 27, 1931, the clerk will

file the petition as of that date. The justices of this court, however, being of the opinion that the judgment is final and not subject to review, and being further of the opinion that the provisions of section 1506 of the Penal Code have no application to this case, it is ordered that said petition for rehearing be dismissed. (*Ex parte Zany*, 164 Cal. 724, 729 [130 Pac. 710].)

A petition to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was granted by the Supreme Court on May 14, 1931; but thereafter, on November 25, 1931, the Supreme Court, holding it had no jurisdiction, dismissed the proceeding. The opinion of the Supreme Court is reported in 214 Cal. 350 [5 Pac. (2d) 605].